UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

    -vs-                                                   Case Nos. 13-C-267, 08-CR-134

**DERRICK POWE,**

        Movant.

---

## DECISION AND ORDER

---

Derrick Powe pleaded guilty to four counts of bank robbery and one count of brandishing a firearm in furtherance of one of those robberies. After the original sentence was vacated, the Court sentenced Powe to 216 months on counts one, two and four, to run concurrently, and 84 months on count five (the brandishing charge), to run consecutively. The Court also ordered Powe to spend four years on supervised release and to pay a $400 special assessment and $346,355.00 in restitution, jointly and severally with co-defendant Johnny Hayes. Powe now moves for relief under 28 U.S.C. § 2255.

The first two claims in Powe's motion relate to restitution and forfeiture. These claims are not cognizable in a § 2255 proceeding. *Anderson v. United States*, 215 F.3d 1329 (7th Cir. 2000) (Unpublished Disposition) (citing *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("§ 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence"); *Duncan v. United States*,

No. 09-CV-0900-MJR, 2010 WL 3038717, at *10 (S.D. Ill. Aug. 3, 2010) ("the harm asserted must relate to the inmate's *custody* and not to any form of monetary penalty. . . . For these reasons, [movant's] claims regarding the forfeiture or abandonment of his property and restitution must be dismissed because they are not cognizable under § 2255") (internal citation omitted).

Powe's last two claims are for ineffective assistance of counsel, first at the plea bargaining phase, and then at the sentencing phase. In the context of a guilty plea, Powe "must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Powe argues that his attorney was ineffective for failing to challenge his career offender status, but Powe fails to connect this allegation to his decision to plead guilty. Regarding sentencing, Powe reiterates that his attorney did not adequately challenge his status as a career offender. Powe argues that at least one of his prior convictions shouldn't count towards his criminal history calculation because he was released from state custody on January 31, 1996. Even if Powe's contention is accurate, the offense still would count towards the calculation because the sentence resulted in Powe being incarcerated "within fifteen years of the defendant's commencement of the instant offense . . ." U.S.S.G. § 4A1.2(e)(1). Therefore, Powe was not prejudiced by the alleged ineffective assistance. *United States v. McKee*, 598 F.3d 374, 384 (7th Cir. 2010) (movant must establish a reasonable probability that, "but for counsel's unprofessional errors, the

result of the proceeding would have been different").

In connection with this ruling, the Court must decide whether to issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings. Powe's motion does not evince a "substantial showing" that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court will not issue a certificate of appealability.

Powe's motion [ECF No. 1] is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2013.

                                                 **BY THE COURT:**

                                                 *Rudolph T. Randa*
                                                 **HON. RUDOLPH T. RANDA**
                                                 **U.S. District Judge**